**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Kelly Doerman,                  :

           Plaintiff,      :     **Case No. 1:17CV571**

                           :

            v.          :

                           :     **Judge Michael R. Barrett**

Meijer, Inc.,                 :

                           :     **Declaration of Vicki L. VandenBerg in**
           Defendant.     :     **Support of Defendant's Motion to Dismiss**
                           :     **and Compel Arbitration**

I, Vicki L. VandenBerg, hereby declare:

1) I am employed by Defendant Meijer in the legal department. I am over the age of twenty-one (21) and am otherwise competent to make this declaration.

2) I have direct knowledge of Defendant's policies and procedures and access to Company records, which are kept in the regular course of business.

3) Attached as Exhibit B is a fair and accurate copy of the Employment Application signed by Plaintiff Kelly Doerman (previously Kelly Funkhouser) wherein she specifically agreed to "arbitrate any claim, controversy, dispute or complaint arising out of or relating to the termination of my employment under any company arbitration policy and/or procedure which exists at the time of the termination of my employment."

4) At the time Plaintiff signed her Employment Application Defendant had an arbitration policy in place.

5) Attached as Exhibit C is a fair and accurate copy of the Acknowledgment and Receipt of Company Policies and Procedures signed by Plaintiff wherein she specifically agreed to abide by all of Defendant's policies and procedures. This Agreement makes clear that policies and procedures will be modified or added from time to time and that Plaintiff



EXHIBIT
A

will be informed of such changes and agrees to abide by any new or modified policies and procedures.

6) A fair and accurate copy of the updated Dispute Resolution Policy that was in place at the time of Plaintiff's termination is attached as Exhibit D.

7) The Dispute Resolution Policy that includes the mandatory arbitration provision was the policy in place when Plaintiff was terminated.

8) The policy states that "by continuing your employment after receiving notice of any amendments, you and the company mutually agree to be bound by those amendments." The policy also states "you must submit claims involving legally protected rights arising out of or related to your employment and/or separation from employment to final and binding arbitration."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated October 30, 2017

_____
Vicki L. VandenBerg

# MEIJER. EMPLOYMENT APPLICATION

*Our People Make The Best*     An equal opportunity employer.

## PLEASE FILL OUT BOTH SIDES OF THE APPLICATION COMPLETELY.

At which Meijer location are you seeking employment? List street name: _____

| | | | | FOR OFFICE USE ONLY | TRACKING NUMBER |
|---|---|---|---|---|---|

**TODAY'S DATE** 6-21-96    **PHONE NUMBER** (513) 779-2214    **ALTERNATE PHONE NUMBER** ( )

**LAST NAME** Funkhouser     **FIRST** Kelly     **MIDDLE INITIAL** J

**STREET ADDRESS** 7604 Brookdale Dr.    **CITY** Westchester    **STATE** oh    **ZIP CODE** 45069

**PREVIOUS ADDRESS** 7170 Floral Ave.    **CITY** Westchester    **STATE** oh    **ZIP CODE** 45069

**SOCIAL SECURITY NUMBER** _____    **DRIVER'S LICENSE NUMBER** _____    **STATE THAT ISSUED DRIVER'S LICENSE** OH

**ARE YOU:** ☐ 14-15   ☐ 16-17   ☒ 18 OR OLDER    NOTE: If under 18, proof of age must be provided.

NOTE: If hired, federal law requires that you furnish documentation establishing your identity and eligibility to work in the United States.

DO YOU HAVE UNITED STATES CITIZENSHIP OR AUTHORIZATION FROM THE IMMIGRATION & NATURALIZATION SERVICE TO WORK IN THE U.S.? ☐ YES ☐ NO

**TYPE OF WORK PREFERRED:**
1. Pharmacy Intern    2. _____    3. _____

**DO YOU WANT FULL-TIME EMPLOYMENT?** ☐ YES ☒ NO    **WILL YOU ACCEPT PART-TIME?** ☒ YES ☐ NO    **NUMBER OF HOURS DESIRED PER WEEK:** 16-18    **RATE OF PAY EXPECTED** _____ PER: ☐ HOUR ☐ WEEK ☐ YEAR

**HAVE YOU EVER APPLIED AT MEIJER?** ☐ YES ☒ NO   IF YES, WHERE? ☐ STORES ☐ GENERAL OFFICES ☐ DISTRIBUTION CENTERS ☐ SOURCECLUB
IF YES, LIST DATES: _____    LOCATION: _____

**WERE YOU PREVIOUSLY EMPLOYED BY MEIJER?** ☐ YES ☒ NO   IF YES, WHERE? ☐ STORES ☐ GENERAL OFFICES ☐ DISTRIBUTION CENTERS ☐ SOURCECLUB
IF YES, LIST DATES: _____    LOCATION: _____

**WHAT OTHER EMPLOYMENT OR "SIDE LINE" BUSINESS DO YOU HAVE?** N/A    WOULD YOU WANT TO CONTINUE THIS IF EMPLOYED BY MEIJER? ☐ YES ☐ NO

**HAVE YOU EVER BEEN CONVICTED OF A CRIME?** ☐ YES ☒ NO
IF YES, LIST DATES AND DETAILS: _____

**HOW WERE YOU REFERRED TO MEIJER?** ☒ EMPLOYEE ☐ FRIEND NAME: Karen Wood   ☐ SCHOOL NAME: _____   ☐ AGENCY   ☐ AD PAPER: _____   ☐ OTHER EXPLAIN: _____

**LIST ANY FRIENDS OR RELATIVES WORKING FOR MEIJER:** NAME Karen Wood   RELATIONSHIP Sister   WORK LOCATION Westchester POSITION Pharmacist

## EDUCATION / COURSE OF STUDY

| TYPE OF SCHOOL | NAME AND LOCATION OF SCHOOL | DATE | DID YOU GRADUATE? | COURSE OF STUDY / DEGREE RECEIVED |
|---|---|---|---|---|
| High School | Lakota Tylersville Rd | From: To: | ☐ YES ☐ NO | |
| Technical, Business, or Other | | From: To: | ☐ YES ☐ NO | |
| College or University | Raymond Walters College | From: 92 To: 96 | ☒ YES ☐ NO | Pre-Pharm |

| DATE INTERVIEWED | INTERVIEWER | STARTING WAGE DESIRED $____ PER: ☐ HR. ☐ WK. ☐ YR. | POSITION APPLIED FOR: ☐ FT ☐ MANAGEMENT ☐ PT ☐ HOURLY | DATE AVAILABLE TO START | UNIT/GEOGRAPHIC INTEREST |
|---|---|---|---|---|---|

| APPLICANT TIME AVAILABILITY | DAY | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|---|---|
| | FROM | | | | | | | |
| | TO | | | | | | | |

☐ JOB REFERENCE   ☐ LP CHECK   ☒ DRUG SCREEN 7/6/96   ☐ PHYSICAL   ☐ STANTON   ☐ CREDIT CHECK   ☐ CHANGE OF STATUS   ☐ OTHER

**GENERAL APPLICANT INFORMATION** Text 12/13   7/5/96 NM

C/O DATE _____   REFERRED TO _____   DATE REFERRED _____

PL 3A rev 0995



EXHIBIT B

PL 3A (back)

# EMPLOYMENT HISTORY
LIST BELOW PAST AND PRESENT EMPLOYMENT BEGINNING WITH YOUR MOST RECENT. INCLUDE U.S. MILITARY EXPERIENCE.

| COMPANY Raymond Walters | DATES OF EMPLOYMENT | PAY RATE | POSITION HELD JOB TITLE | REASON FOR LEAVING |
|---|---|---|---|---|
| ADDRESS, CITY, STATE 9455 Plainfield Cinti. 45236 | From 4/ 196 | To Start $ 4.65 ☒ HR. ☐ WK. ☐ YR. | Student helper | Class was over. |
| IMMEDIATE SUPERVISOR Dr. O'Meara | To 6/ 196 | Upon Leaving $ 4.65 ☒ HR. ☐ WK. ☐ YR. | ☐ FULL-TIME ☒ PART-TIME JOB RESPONSIBILITIES Send out papers for histele-course | |
| SUPERVISOR TITLE | | | | |
| WORK TELEPHONE (513) 745-5600 | MAY WE CONTACT THIS EMPLOYER? ☐ YES ☐ NO | | | |

| COMPANY | DATES OF EMPLOYMENT | PAY RATE | POSITION HELD JOB TITLE | REASON FOR LEAVING |
|---|---|---|---|---|
| ADDRESS, CITY, STATE | From 7/ 195 | To Start $ 4.35/5.50 ☒ HR. ☐ WK. ☐ YR. | Peer Counselor / Student helper | |
| IMMEDIATE SUPERVISOR Vicki Groh | To 6/ 196 | Upon Leaving $ 4.35/5.50 ☒ HR. ☐ WK. ☐ YR. | ☐ FULL-TIME ☒ PART-TIME JOB RESPONSIBILITIES working in lounge orientation of new students, probation, office work /advertising for special events | |
| SUPERVISOR TITLE | | | | |
| WORK TELEPHONE (513) 745-5600 | MAY WE CONTACT THIS EMPLOYER? ☒ YES ☐ NO | | | |

| COMPANY | DATES OF EMPLOYMENT | PAY RATE | POSITION HELD JOB TITLE | REASON FOR LEAVING |
|---|---|---|---|---|
| ADDRESS, CITY, STATE | From 9/ 193 | To Start $ 4.35 ☒ HR. ☐ WK. ☐ YR. | tutor | I wanted to start inter. |
| IMMEDIATE SUPERVISOR Julie Gibson | To 6/ 196 | Upon Leaving $ 4.65 ☒ HR. ☐ WK. ☐ YR. | ☐ FULL-TIME ☒ PART-TIME JOB RESPONSIBILITIES tutor students with special needs | |
| SUPERVISOR TITLE | | | | |
| WORK TELEPHONE (513) 745-5600 | MAY WE CONTACT THIS EMPLOYER? ☐ YES ☐ NO | | | |

ANY PERIODS OF UNEMPLOYMENT? ☒ YES ☐ NO   IF YES, PLEASE EXPLAIN AND GIVE DATES:
Summer of 94 because school was out.

PLEASE LIST ANY SKILLS, ABILITIES, HOBBIES, TRAINING, ETC. WHICH YOU FEEL MAY BE AN ASSET. (EXAMPLE: BUSINESS MACHINES, VOLUNTEER WORK, ADDITIONAL LANGUAGES, DATA PROCESSING, CLERICAL, ETC.)
I was the Secretary of Phi Theta Kappa where I organized volunteer lists for the Special Olympics. I served on one of the Dean's Comm. ttees.

## PLEASE READ THE FOLLOWING AND SIGN BELOW:

I acknowledge that the facts set forth on this application are true and complete. I understand that if employed, any false statement or omission on this application or any attachment shall be sufficient cause for dismissal. I understand that most Meijer facilities and units operate 24 hours/7 days per week and that, if I am employed by Meijer, I may be scheduled to work any time or day of that week, including holidays.

I understand that before I am hired, Meijer may require me to undergo a physical examination and/or a drug or alcohol test. I agree to take such an examination and/or test. I also understand that if I am hired, Meijer may require me to undergo a drug and/or alcohol test at any time during my employment. I agree to take such a test.

I authorize Meijer to use its personnel or any investigative agency to investigate my employment record, health, education, criminal conviction record and financial record. I also authorize all my employers and former employers, references, credit reporting agencies/bureaus, medical facilities, educational institutions and any other person(s) contacted by Meijer representatives to provide Meijer with all records and information relevant to my employment application with Meijer. I release all parties who provide such records or information from all liabilities arising from such disclosures; and I waive any rights to notice of such disclosures.

If I am hired into or later transferred or promoted to a non-bargaining unit position, I agree to arbitrate any claim, controversy, dispute or complaint arising out of or relating to the termination of my employment under any company arbitration policy and/or procedure which exists at the time of the termination of my employment and for which I am eligible.

I authorize Meijer to copy this document and agree that such copies with my signature shall have the same legal force and effect as the original document with my signature.

Signature _Kelly Finkhouser_          Date _6-21-96_

**MEIJER, INC. WISHES TO EXPRESS ITS APPRECIATION TO YOU FOR CONSIDERING US AS A POTENTIAL EMPLOYER.**

GENERAL OFFICES
**Michigan Address** — 2727 Walker Avenue, N.W. • Grand Rapids, MI 49544-1369 • Telephone (616) 453-6711
**Ohio Address** — 3070 Presidential Drive • Suite 105 • Fairborn, OH 45324-6273 • Telephone (513) 429-0277

PL 178
rev 0196

# COMPANY POLICIES AND PROCEDURES

THE COMPANY'S WRITTEN POLICIES AND PROCEDURES ARE FOUND IN A NUMBER OF PUBLICATIONS AND DOCUMENTS AND ARE AVAILABLE FOR VIEWING ON-LINE. OTHERS MAY BE UNWRITTEN. YOU WILL BE INFORMED ABOUT THE POLICIES AND PROCEDURES WHICH PERTAIN TO OR AFFECT YOU. IT IS YOUR RESPONSIBILITY TO BE FAMILIAR WITH THOSE POLICIES AND PROCEDURES AND TO FOLLOW THEM.

MANY OF THE COMPANY'S POLICIES AND PROCEDURES ARE PUBLISHED IN A MANUAL ENTITLED **POLICY AND PROCEDURES**. EACH UNIT HAS A COPY OF THIS MANUAL OR THEY CAN BE VIEWED ON-LINE. SOME UNITS ALSO HAVE A **NOTICES NOTEBOOK** WHICH CONTAINS INFORMATION ABOUT PARTICULAR POLICIES. THESE PUBLICATIONS ARE AVAILABLE FOR REVIEW THROUGH YOUR FIRST ASSISTANT. THE **TEAM MEMBER HANDBOOK** IS A GENERAL REFERENCE FOR INFORMATION ON COMPANY HISTORY, POLICIES, PROCEDURES, BENEFITS AND MORE. A COPY IS GIVEN TO EACH TEAM MEMBER. MANY OF THE COMPANY'S POLICIES AND PROCEDURES ARE STATED OR SUMMARIZED IN THE HANDBOOK. IT IS YOUR RESPONSIBILITY TO READ THE HANDBOOK AND TO BE FAMILIAR WITH ITS PROVISIONS. IF YOU HAVE ANY QUESTIONS ABOUT ANYTHING CONTAINED IN THE HANDBOOK, TALK TO YOUR FIRST ASSISTANT. OTHER COMPANY POLICIES AND PROCEDURES WHICH MAY BE APPLICABLE TO YOU ARE FOUND IN VARIOUS BENEFIT BOOKS, SUMMARY PLAN DESCRIPTIONS, AND COLLECTIVE BARGAINING AGREEMENTS. IF APPROPRIATE, COPIES OF THESE DOCUMENTS WILL BE GIVEN TO YOU OR WILL BE MADE AVAILABLE FOR REVIEW UPON REQUEST.

NEW POLICIES AND PROCEDURES MAY BE ADDED AND EXISTING ONES MODIFIED OR DELETED FROM TIME TO TIME. YOU WILL BE INFORMED WHEN SUCH A CHANGE WHICH AFFECTS YOU OCCURS. WRITTEN OR ORAL NOTICE OF CHANGES IN POLICY OR PROCEDURE MAY BE GIVEN TO YOU BY YOUR FIRST ASSISTANT IN DEPARTMENT MEETINGS OR OTHER INFORMATION MEETINGS, THROUGH THE POSTING OR DISTRIBUTION OF WRITTEN NOTICES, OR THROUGH THE ISSUANCE OF NEW MANUALS OR HAND-BOOKS. NOTICES MAY ALSO BE POSTED OR DISTRIBUTED FROM TIME TO TIME TO EXPLAIN OR SUPPLEMENT A PARTICULAR POLICY OR PROCEDURE. IT IS YOUR RESPONSIBILITY TO BE AWARE OF AND FOLLOW ANY NEW POLICIES OR PROCEDURES OR ANY CHANGES TO EXISTING ONES.

I HAVE READ AND UNDERSTAND THE ABOVE. IN CONSIDERATION OF MY EMPLOYMENT I AGREE TO FOLLOW THE COMPANY'S POLICIES AND PROCEDURES, INCLUDING ANY AMENDMENTS TO EXISTING POLICIES AND PROCEDURES AND ANY POLICIES AND PROCEDURES HEREAFTER ADOPTED.

7-9-96
DATE

_Kelly Funkhouser_
TEAM MEMBER

## TEAM MEMBER HANDBOOK RECEIPT
I ACKNOWLEDGE RECEIPT OF THE TEAM MEMBER HANDBOOK.

7-9-96
DATE

_Kelly Funkhouser_
TEAM MEMBER

## NOTICES NOTEBOOK RECEIPT
I HAVE READ AND UNDERSTAND ALL OF THE NOTICES IN THE NOTICES NOTEBOOK

7-9-96
DATE

_Kelly Funkhouser_
TEAM MEMBER



EXHIBIT

C

Blumberg No. 5119

# Dispute Resolution

| Policy No: 0090 | Revision: 4 | Effective: 03/22/2004<br>Last Review: 05/21/2015 |
| --- | --- | --- |

## Purpose

Meijer values its team members. Treating people with dignity and respect is a cornerstone of the Meijer culture. While we hope that your employment relationship will be free from problems, we realize that at times conflicts and disputes may arise even in the best work environment. We believe that it is important to resolve those conflicts and disputes as fairly and quickly as possible. That is why we have adopted the Meijer Team Member Dispute Resolution Policy ("DRP").

The DRP is intended to provide a way to resolve disputes and claims fairly, impartially, efficiently, economically and privately. It is also intended to be an exclusive, mandatory, final and binding method of resolving such disputes. It is not intended to modify the at-will or just cause employment status of any team member as set forth in Policy 038/Job Security and Policy 0263/ Employment Standard.

The DRP has a variety of methods to air and resolve almost every kind of workplace problem – from minor, everyday misunderstandings to claimed violations of legally protected rights. The DRP includes dispute resolution methods that range from informal, internal ways to resolve disputes to more formal external methods. The DRP includes several voluntary methods as well as mandatory, final and binding arbitration. It also includes a set of rules for arbitration.

## Scope

The DRP generally applies to all full-time and regular part-time team members* in the company, including officers of the company and team members with the designation of vice president in their titles. As noted below, however, some of the voluntary methods to resolve disputes are only available to certain classifications of team members. In addition, the DRP does not apply to team members who are covered by any collective bargaining agreement, except to the extent permitted in the applicable collective bargaining agreement or lawfully imposed by the company when no collective bargaining agreement is in effect.

(* The phrase "team member" is used in this document to refer to all Meijer employees, including team leaders and all other supervisors and managers.)

The DRP does not limit or restrict in any way your legal right to file claims or charges with federal administrative agencies, such as the National Labor Relations Board ("NLRB") or the Equal Employment Opportunity Commission ("EEOC"), or other similar state or local administrative agencies.

## General

The effective date of the DRP is March 22, 2004. The DRP replaces all other dispute resolution policies or procedures that were in existence prior to the effective date.

By accepting employment with the company, by accepting a promotion or transfer into a non-bargaining unit position and/or by continuing your employment after the effective date of the DRP, you and the company mutually agree to be bound by the terms of the DRP and to resolve all claims defined in the DRP as subject to arbitration through mandatory, final and binding arbitration, instead of through litigation in court. That means arbitration is your sole and exclusive means for resolving such disputes.

Because circumstances change, the company may amend the DRP, including the Arbitration Rules, from time to time by giving thirty calendar days' notice to team members. Of course, any amendments will not apply to any claims that arose prior to the date of the amendment. By continuing your employment after receiving notice of any amendments, you and the company mutually agree to be bound by those amendments. The company may also terminate the DRP at any time by giving thirty calendar days' notice to team members. Again, the termination of the DRP shall not apply to any claims that arose prior to the date of termination.



**NO RETALIATION POLICY**

The only way the DRP can be truly effective is if team members can use it with confidence. Therefore, no team member will be subject to any form of discipline or retaliation for initiating or participating in good faith in any process or proceeding under the DRP. Any team member who retaliates against another team member for using the DRP will be subject to discipline, up to and including discharge.

## Responsibilities and Procedures

### THE VOLUNTARY METHODS TO RESOLVE CLAIMS AND DISPUTES

A variety of different voluntary methods to resolve disputes are listed below. We encourage you to use these methods as soon as you have a problem or dispute. Remember, the sooner you bring a problem to leadership's attention, the easier it usually is to resolve. We encourage you to use the Open Door Policy before using any of the other methods to resolve disputes in the DRP because it is usually fast and often resolves the problem. If you are unable to resolve your problem through the Open Door Policy, we suggest that you next discuss it with a Human Resources Representative. If that representative cannot help resolve your problem, he or she may discuss other appropriate voluntary methods with you, such as peer review, termination review or non-binding mediation.

If at any time you have questions about any of these voluntary methods to resolve disputes please call the Human Resources Representative for your unit. This information is available on the InfoNet or your unit director or the unit administrative assistant will be able to tell you who that is.

### THE OPEN DOOR POLICY

*Who can use it?* All team members can use the Open Door Policy.

*Which disputes are covered?* The Open Door Policy can be used to try to resolve any workplace problem or claim.

*How does it work?* The company's longstanding Open Door Policy guarantees that all doors are open to you within the company to discuss and to try to resolve any work place problems without fear of retaliation or reprisal. We encourage you to first discuss any problems with your first assistant. Because this person is close to your situation, he or she may already be aware of the problem, or may be in a position to offer a new perspective or new facts that may be helpful to resolve the problem. If your first assistant is part of the problem, or if for any reason you are uncomfortable reviewing the problem with him or her, you may take the problem to the next higher level of leadership, or any level of leadership as needed to solve the problem.

*Is there a time limit?* No, there is no time limit to use the Open Door Policy. However, we encourage you to bring any problems to leadership's attention as soon as possible. This is important to enable leadership to conduct any necessary review and to try to resolve the problem quickly and fairly. Often, the longer you wait the more difficult it becomes to resolve the problem.

*Is there a cost?* No, there is no cost to you to use the Open Door Policy.

### REVIEW BY A HUMAN RESOURCES REPRESENTATIVE

*Who can use it?* All team members covered by the DRP can request a review by a Human Resources Representative.

*Which disputes are covered?* Review by a Human Resources Representative can be used to try to resolve any workplace problem or claim.

*How does it work?* A Human Resources Representative will talk to you about the problem, either by telephone or in person, and will try to help you find a solution. Depending on the situation, the representative may investigate the facts and recommend a solution to you and the company or may recommend that you use or re-try the Open Door Policy or one of the other voluntary options, such as peer review or mediation, if applicable.

*How do I request it?* If you work in a retail unit, you should contact your Regional Human

Resources Representative. If you work in distribution, manufacturing or a corporate office, you should contact your Corporate Team Relations Representative. The telephone numbers for these representatives are available online on the InfoNet or in the printed directory or may be obtained from your unit director.

*Is there a time limit?* No, there is no time limit on requesting a review by a Human Resources Representative. However, we encourage you to bring any problems forward as soon as possible. This is important to enable the representative to conduct any necessary review and to try to resolve the problem quickly and fairly. Often, the longer you wait the more difficult it becomes to resolve the problem.

*Is there a cost?* No, there is no cost to you to request a review by a Human Resources Representative.

### PEER REVIEW

*Who can use it?* You can request a Peer Review if: (1) you have completed your probationary/mutual evaluation period; and (2) you are an hourly team member (except those listed in this rule) at any of the following:

- Store 33 in Traverse City, MI
- Store 211 in Rossford, OH
- Any store in Indiana (except 167 and 220)
- Any store/unit in Illinois
- Any store in Wisconsin
- Pharmacy Central Fill in IN
- Middlebury Central Kitchen and Distribution Unit in IN
- Middlebury Distribution Unit
- Purple Cow Creamery in MI
- Pleasant Prairie Distribution Complex in WI

The Peer Review Process is not available to a team member in any of the following job classifications:
- Retail: regional detective, store detective, store detective intern, retail administrative assistant, pharmacist, pharmacy technician, and facilities positions
- Pharmacy: pharmacist and pharmacy technician
- Retail regional office hourly positions
- Supply Chain: administrative assistants, operations coordinators, auditors, mechanics, and loss prevention officers

*Which disputes are covered?* Peer Review can be used to try to resolve any claim or dispute involving discipline, discrimination or discharge.

*How does it work?* Peer Review is a review of your claim or dispute by a panel of team members consisting of three hourly team members, two team leaders and a Human Resources Representative. The Human Resources Representative serves only as a non-voting moderator of the panel. The other five members each have one vote. (After you request a Peer Review, the company will contact you to select a peer review panel and to arrange a mutually agreeable time for the peer review to take place.) You will be able to pick all five voting members of the peer review panel from a list of qualified volunteers at your unit.

When you meet with the peer review panel, you will have an opportunity to explain your position to the panel and to present other relevant information and evidence, such as witnesses and documents. Your unit director (or designee) will explain the company's position and present any information or evidence for the company. Neither you nor the company will be allowed to have an attorney or other third-party representative at the peer review. You may, however, ask another team member or team leader to be present to assist you at the peer review.

After the peer review hearing is completed, the panel will go into closed session to discuss the case and to make a recommendation. The panel will decide on its recommendation by a majority vote conducted by secret ballot. In making its recommendation, the panel may not change company policy or procedures. The panel will record its recommendation on a Peer Review Form and give you and the company a copy. The panel will not reveal the vote totals to you - only the majority recommendation.

In cases involving discipline, the recommendation of the peer review panel is final and binding on both you and the company and there is no further appeal. In cases involving discrimination or discharge the panel's recommendation is advisory only. However, if both you and the company agree in writing to accept the recommendation of the peer review panel, the panel's recommendation becomes final and binding on both parties.

All information presented or discussed at the peer review hearing is strictly confidential and may not be discussed outside the hearing, except with your legal counsel or other representative and with appropriate administrative agencies. Anyone who violates this confidentiality rule will be subject to disciplinary action, up to and including termination. The peer review panel's recommendation to the parties is not admissible in any subsequent arbitration hearing.

*How do I request it?* You should submit a Peer Review Request Form to your unit director. These forms are available from your unit director or unit administrative assistant.

*Is there a time limit?* You are guaranteed a peer review hearing if you request a Peer Review no later than 30 calendar days after your complaint arose. In cases of discipline or discharge, this means no later than 30 calendar days after you received notice of the discipline or discharge. If you request a Peer Review more than 30 calendar days after your complaint arose, the company may agree to provide a peer review hearing, but will not guarantee it.

*Is there a cost?* No, there is no cost to you to use Peer Review.

## TERMINATION REVIEW

*Who can use it?* Any Office, Management or Professional (OMP) team member who has completed the applicable probationary period can request a Termination Review, except officers of the company and team members with the designation of vice president in their titles.  You also may request a termination review if you are in any of the following positions:
- Retail: regional detective, store detective, store detective intern, retail administrative assistant, pharmacist, pharmacy technician, and facilities positions
- Pharmacy: pharmacist and pharmacy technician
- Retail regional office hourly positions
- Supply Chain: administrative assistants, operations coordinators, auditors, mechanics, and loss prevention officers

*Which disputes are covered?* The Termination Review option is only for complaints involving termination of employment.

*How does it work?* You can ask the company to designate a Human Resources Representative who was not involved in the decision to terminate your employment to review the company's decision. The representative will investigate and review the circumstance surrounding the termination. After conducting this review, they will present their findings to the Termination Review Board. The Board has the authority to uphold, reverse or otherwise modify the termination decision. After the decision by the Board, the representative will share with you the results of his or her investigation and the decision. This could include a decision to reinstate you with or without back pay, to reduce the discharge to discipline, to uphold the original decision or

to offer a settlement.

*How do I request it?* You should mail a written request for a Termination Review to the following address: Administrator of Dispute Resolution Services, Meijer Human Resources Department, 2929 Walker NW, Grand Rapids, MI 49544. The written request should include your name, address, telephone number, social security or employee id number, unit where you worked and a short statement of your claim or claims.

*Is there a time limit?* You are guaranteed a Termination Review if you request a Termination Review no later than 30 calendar days after you received notice of your termination. If you submit your appeal more than 30 calendar days after your termination, the company may agree to conduct a review, but will not guarantee it.

*Is there a cost?* No, there is no cost to you to use the Termination Review option.

## NON-BINDING MEDIATION

*Who can use it?* All team members covered by the DRP can request non-binding mediation. However, it can only be used if both you and the company agree in writing to do so.

*Which disputes are covered?* Mediation can be used for any dispute; however, it is generally used only for disputes based on legally protected rights, such as discrimination and discharge claims.

*How does it work?* Mediation is a meeting at which you and company representatives discuss the dispute with a neutral person from outside the company, called a mediator. Mediation is often highly successful at resolving disputes. It provides the opportunity for both sides to tell their story to a neutral third party and to each other; it helps reduce feelings of hostility; it helps to separate emotional issues from factual issues; it promotes discussion of creative solutions; it helps people work things out for themselves; and, it offers an opportunity for solutions that are good for both the team member and the company.

Mediation is non-binding. This means that the mediator will help the parties to reach a settlement and can make recommendations to the parties, but cannot force a settlement. However, if the parties reach an agreement, the terms of the agreement will be put in writing to be signed by the parties. The signed agreement is final and binding on the parties.

*How do I request it?* If you work in a retail unit, you should contact your Regional Human Resources Representative to request mediation. If you work in distribution, manufacturing or a corporate office, you should contact your Corporate Team Relations Representative. The telephone numbers for these representatives are available online on the InfoNet or in the printed directory or may be obtained from your unit director.

*Is there a time limit?* No, there is no time limit on when you or the company can request mediation.

*Is there a cost?* No, there is no cost to you to use non-binding mediation. The company will pay the full cost of mediation, unless the parties agree otherwise.

## MANDATORY ARBITRATION

### FINAL AND BINDING ARBITRATION BY A NEUTRAL ARBITRATOR

*Who must use it?* Mandatory arbitration applies to all team members, including officers of the company and team members with the designation of vice president in their titles. It does not apply to team members covered by a collective bargaining agreement, unless the collective bargaining agreement provides for arbitration under the DRP.

*Which disputes are covered?* Generally, you must submit claims involving legally protected rights arising out of or related to your employment and/or separation from employment to final and binding

arbitration. Arbitration Rule 1 defines those claims that are subject to mandatory arbitration and Arbitration Rule 2 defines those claims that are not subject to mandatory arbitration.

*How does it work?* Arbitration is a private dispute resolution process in which a dispute is presented to a neutral third party, called an arbitrator, for a decision that is final and binding on both parties. The arbitrator makes this final and binding decision after both sides present their witnesses, evidence and arguments at an arbitration hearing. Although arbitration is less formal than a court trial, it is an orderly proceeding governed by rules of procedure and legal standards of conduct. The Arbitration Rules set forth below will govern any arbitration pursuant to the DRP.

Litigation of disputes in court often takes years and is often very time consuming, costly and frustrating for both parties. Arbitration is a fair, cost-effective and expeditious means of resolving such disputes. With arbitration, disputes are usually resolved in months, rather than years.

*Is there a cost?* Although the company generally pays for all of the costs of arbitration, you may have some costs. For example, you will have to pay a modest filing fee. In addition you will have to pay the fees for any representative or expert, unless the arbitrator orders otherwise in accordance with applicable law. All of the costs and fees associated with arbitration are set forth in Rule 26 of the Arbitration Rules below.

## ARBITRATION RULES

### Rule 1. Claims Subject To Arbitration

Except as otherwise limited in these Arbitration Rules, all claims that arise out of or relate to the team member's employment and/or separation from employment with Meijer and that concern legally protected rights for which a court or governmental agency would be authorized by law to grant relief are subject to arbitration.

Claims subject to arbitration include claims for violation of any federal, state or local constitution, statute, ordinance, regulation or rule pertaining to employment and claims of violation of the common law.

Examples of specific claims subject to arbitration include, but are not limited to, the following:

1. claims for unpaid wages or other compensation, including nonqualified deferred compensation plans and incentive plans.

2. claims of wrongful or unjust discharge, including claims of constructive discharge;

3. claims for breach of express or implied contract;

4. claims for violation of public policy;

5. employment-related tort claims, such as claims for intentional/negligent infliction of emotional distress, defamation, malicious prosecution, and wrongful arrest/wrongful imprisonment;

6. claims of unlawful retaliation; and,

7. claims of employment discrimination, harassment or failure to accommodate, including, but not limited to, claims based on race, sex, age, national origin, religion, physical or mental disability and marital status.

Further examples of specific statutory claims subject to arbitration include, but are not limited to, claims arising under the following statutes: the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 1981, the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), the Employee Polygraph Protection Act ("EPPA") and the Family Medical Leave Act ("FMLA").

### Rule 2. Claims Not Subject To Arbitration

The following claims and disputes are not subject to arbitration:

1. claims for workers' compensation and unemployment compensation, except claims of

Dispute Resolution

unlawful retaliation or discrimination for filing such claims are subject to arbitration;

2. claims based on a qualified retirement plan, including pension and 401(k) plans;

3. claims based on employee welfare benefit plans subject to ERISA, including health benefit plans, disability plans and life insurance plans;

4. claims by Meijer for injunctive relief and/or other equitable relief for unfair competition and/or the unauthorized disclosure of trade secrets or confidential information or for unfair labor practices, such as picketing and strikes;

5. claims challenging the content, establishment or amendment of Meijer policies, procedures or practices;

6. claims challenging the manner in which Meijer decides to organize its businesses, wage rates or salary structure, job content or description;

7. claims challenging the company's decision as to the necessity for or the magnitude of a reorganization or reduction of the workforce; and,

8. all other claims that do not concern legally protected rights for which a court would be authorized by law to grant relief.

**Rule 3. Procedure to Initiate Arbitration**

A party shall initiate arbitration by serving a written notice of the intent to arbitrate on the other party within the time limits set forth below.

The written notice should include the party's name, address, telephone number, social security or employee id number, unit where the employee works or worked and a short statement of the claim or claims.

If the team member elects arbitration, he or she must deliver or mail the written notice addressed as follows: Administrator of Dispute Resolution Services, Meijer Human Resources Department, 2929 Walker NW, Grand Rapids, MI 49544.

If the company elects arbitration it must give written notice to the team member at the team member's last known address.

**Rule 4. Time Limit to Initiate Arbitration**

Written notice of the intent to arbitrate must be delivered to the other party or must be postmarked no later than six months from the date on which the claim arose, or in the case of a claimed violation of a statute, within the applicable statutory limitations period, whichever is longer. The failure to give written notice of intent to arbitrate within the applicable time period shall, to the greatest extent permitted by law, constitute a waiver and release with respect to the dispute and shall forever bar any claim involving that dispute.

**Rule 5. Number of Arbitrators**

The dispute shall be heard and decided by one arbitrator.

**Rule 6. Selection of the Arbitrator**

Upon initiation of arbitration by either party, the company may, at its option, promptly deliver or mail a list of proposed neutral arbitrators to the team member. The arbitrators on the list will meet all of the qualifications set forth in these rules.

If the team member finds the list acceptable, the team member must promptly notify the company in writing of that fact. The parties will then confer in person or by telephone at a mutually agreeable time and choose an arbitrator from the list by alternately striking names, the team member striking first, until only one name remains. If the arbitrator chosen in this manner cannot serve for any reason, the

last arbitrator stricken on the list shall be designated to hear the case.

If, for any reason, the team member does not want to choose the arbitrator from the list sent by the company, the team member shall promptly notify the company in writing of that fact. The parties shall then make a joint request to the American Arbitration Association (AAA) to provide them with a panel of at least seven arbitrators from its Employment Dispute Resolution Roster for the region where the dispute arose. Upon receipt of that list, the parties will confer at a mutually agreeable time in person or by telephone and choose an arbitrator from the list by alternately striking names, the team member striking first, until only one name remains. If the arbitrator chosen in this manner cannot serve for any reason, the last arbitrator stricken on the list shall be designated to hear the case.

If the parties choose the arbitrator through AAA, it shall be authorized to administer the arbitration. These Arbitration Rules, however, shall govern the arbitration and all proceedings related to it.

Each party shall be responsible for the timely payment of any filing and/or other administrative fees assessed by AAA against the party.

Dispute Resolution

### Rule 7. Qualifications of the Arbitrator

The arbitrator shall be experienced in the field of employment law, shall be an attorney, shall not be employed by or affiliated with Meijer or any related or affiliated company or entity, shall have no personal or financial interest in the results of the proceedings and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias. Prior to accepting appointment, the prospective arbitrator shall disclose all information that might be relevant to the standards of neutrality set forth in this section or that may prevent a prompt hearing.

### Rule 8. Representation

Any party shall have the right to be represented by an attorney or other authorized representative.

### Rule 9. Communication with the Arbitrator

There shall be no ex parte (one-sided) communication with the arbitrator on any matter of substance or procedure, except for matters pertaining to the scheduling of a hearing date, unless the parties and the arbitrator agree to the contrary in advance of the communication.

### Rule 10. Conference with the Arbitrator

The arbitrator may hold a conference at any time during the proceedings at the request of either party or on the initiative of the arbitrator for the discussion and determination of any matter of substance or procedure that will expedite the proceedings.

### Rule 11. Date, Time and Location of Arbitration

The arbitrator shall have the authority to set the date and time of the arbitration in consultation with the parties. The arbitration hearing will be held as close as practical to the unit where the team member last worked, unless the parties agree otherwise. The arbitrator shall have the authority to resolve all disputes regarding the date, time and location of the arbitration.

### Rule 12. Postponements

The arbitrator may postpone any hearing upon the request of a party for good cause and must postpone any hearing upon the mutual agreement of the parties.

### Rule 13. Pre-hearing Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration. In ruling on discovery disputes the arbitrator shall be guided by the Federal Rules of Civil Procedure.

### Rule 14. Witnesses and Attendance at Hearings

Witnesses shall testify under oath. Witnesses for each party shall submit to direct and cross examination as approved by the arbitrator. The arbitrator shall have the authority to sequester witnesses, other than a party, during the testimony of any other witness. The arbitrator also shall have the authority to decide whether any person who is not a witness may, for good cause, attend the hearing.

### Rule 15. Evidence/Subpoenas

The parties may offer such evidence as is relevant and material to the dispute and shall produce all non-privileged evidence as the arbitrator deems necessary to an understanding and determination of the dispute. The arbitrator may receive and consider the evidence of witnesses by affidavit, but shall

give it only such weight as the arbitrator deems it entitled after consideration of any objection made to its admission. The parties may agree or the arbitrator may direct that documents or other evidence may be submitted to the arbitrator after the hearing. All parties shall be afforded an opportunity to examine such documents or other evidence and to lodge appropriate objections, if any.

The arbitrator shall be the judge of the relevancy, materiality and admissibility of the evidence offered. Conformity to legal rules of evidence shall not be necessary, but the arbitrator shall be guided by the Federal Rules of Evidence. However, applicable federal law with respect to privilege, including the attorney-client privilege, work product and compromise and offers to compromise shall be followed.

The arbitrator may subpoena witnesses or documents upon the request of any party.

### Rule 16. Order of Proceedings / Burden of Proof

The arbitrator shall have the authority to determine the order and manner of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute.

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

### Rule 17. Record of Proceedings

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other party of those arrangements at least three days in advance of the hearing. The requesting party shall pay the cost of the record. If the other party wants a copy of the record, that party shall pay the cost of the copy. If the transcript is agreed by the parties or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other party for inspection at a date, time and place determined by the arbitrator.

### Rule 18. Confidentiality

All aspects of any arbitration pursuant to these rules, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public unless the parties agree otherwise in writing or the law provides to the contrary. The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality.

<u>Rule 19.</u> **Arbitration in Absence of a Party or Representative**

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of an award.

<u>Rule 20.</u> **Motions To Dismiss and/or For Summary Disposition**

The arbitrator shall have the authority to consider and to decide motions to dismiss and/or motions for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

<u>Rule 21.</u> **Post-Hearing Briefs**

Each party shall have the opportunity to submit one post-hearing brief, which is a written statement of facts and law in support of its position, unless the parties agree otherwise. The arbitrator shall have the authority to set the time period for submission of post-hearing briefs in consultation with the parties.

<u>Rule 22.</u> **Closing and Reopening of Hearing**

When the arbitrator is satisfied the record is complete, including the submission of post-hearing briefs and any post-hearing documents or other evidence allowed by the arbitrator, the arbitrator shall declare the hearing is closed.

The arbitrator may reopen the hearing upon the arbitrator's initiative or upon application of a party for cause shown at any time before the award is made.

<u>Rule 23.</u> **Arbitrator's Authority / Applicable Law**

The arbitrator shall have the authority to consider and decide disputes subject to arbitration as defined in these rules. The arbitrator shall also have the authority to interpret and apply these rules, determine the scope of these rules and to decide issues of arbitrability.

The arbitrator shall not have the authority to consolidate the claims of other team members into one proceeding and shall not have the authority to fashion a proceeding as a class action or to award relief to a group of team members in one proceeding.

The arbitrator shall be bound by and shall apply the state or federal substantive law that would be applied by the United States District Court for the District where the dispute arose.

The arbitrator shall also be bound by any applicable company handbooks, rules, policies and procedures.

The arbitrator shall have no authority, however, to add to, detract from, change, amend or modify any law, handbook, rule, policy or procedure in any respect. Nor shall the arbitrator have authority to consider or decide any matters that are the sole responsibility of the company in the management and conduct of its business.

<u>Rule 24.</u> **Relief**

The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court. The arbitrator shall have the authority to provide for the reimbursement of representative's fees, in whole or in part, as part of the remedy, in accordance with applicable law.

If the arbitrator orders reinstatement, the company shall have the option, within fourteen (14) calendar days of receipt of the award, to request that the arbitrator make a monetary award in lieu of reinstatement. If the company makes such a request, the arbitrator shall make a monetary award that the company, at its discretion, may pay in lieu of reinstatement. The arbitration hearing shall be reopened for additional proofs on this issue if either party so requests.

<u>Rule 25.</u> **Arbitrator's Award**

The arbitrator shall within thirty (30) calendar days of the closing of the hearing submit to the parties a written award signed by the arbitrator. The award shall specify the relief awarded, if any, and the elements and basis for any monetary award. The award shall be accompanied by a written reasoned opinion signed by the arbitrator.

The arbitrator's award shall be final and binding on both the company and the team member and any court of competent jurisdiction may enter a judgment on the award. Judicial review shall be limited, as provided by law.

The parties shall accept as legal delivery of the award the placing of the award or a true copy in the mail, addressed to a party or its representative at the last known address, personal service of the award, email service or the filing of the award in any manner that may be required by law.

<u>Rule 26.</u> **Fees and Expenses**

If the team member elects to select the arbitrator from the panel proposed by the company, the team member shall pay a non-refundable filing fee of $50.00 by check or money order made payable to Meijer.

If the team member elects to select the arbitrator through the American Arbitration Association, the team member shall be responsible for paying the employee portion of any filing fee and/or other administrative fees charged by AAA. Such fees can be found on AAA's website: www.adr.org.

All costs of arbitration, including the arbitrator's fees and expenses and the cost of the hearing room shall be borne fully by the company, except as otherwise limited in these rules.

Each party shall bear their own discovery costs and expenses, except as may be awarded by the arbitrator in accordance with applicable law.

The expenses of witnesses shall be borne by the party producing such witnesses, except as may be awarded by the arbitrator in accordance with applicable law.

The fees and expenses of experts, consultants, interpreters and any others retained or consulted by a party shall be borne by the party producing such witnesses or utilizing such services, except as may be awarded by the arbitrator in accordance with applicable law.

The fees and expenses charged to a party by any attorney or other representative shall be borne by the party who retains the representative, except as may be awarded by the arbitrator in accordance with applicable law.

Dispute Resolution

Any fees and expenses incurred as a result of any postponement shall be borne by the party requesting or causing the postponement of the hearing.

**Rule 27. Extensions of Time**

The parties may modify any period of time by mutual written agreement. The arbitrator may for good cause extend any period of time established by these rules, except the time for filing a notice of intent to arbitrate and for making the award.

**Rule 28. Enforceability**

These rules and any award rendered pursuant to them shall be enforceable under and subject to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et. seq.

**Rule 29. Severability**

If any of these rules or parts thereof are determined by any court with jurisdiction to be unlawful, invalid or unenforceable, those provisions shall be enforced to the greatest extent permissible under the law and all remaining rules and provisions shall continue in full force and effect.

## AFFIDAVIT OF WENDE ALIGHIRE

STATE OF MICHIGAN )
)ss
COUNTY OF KENT )

WENDE ALIGHIRE, deposes and says as follows:

1.    I am competent to make this Affidavit. If called upon to do so, I can testify to the following facts.

2.    As of the date I made this affidavit, I have been employed by Meijer for over 34 years. With the exception of a few months, I have worked all those years in various positions in the Human Resources Department. Since 2002, my position in the HR Department has been as a Corporate Team and Labor Relations Representative. My duties in this position require me to be familiar with Meijer's employment records, policies and procedures including Meijer's Dispute Resolution Procedure ("DRP"). My duties also included overseeing the implementation and notice to Meijer team members of Meijer's Dispute Resolution Procedure ("DRP") in March 2004.

3.    Meijer implemented the DRP on March 22, 2004. The DRP applied to all then-current full-time and regular part-time Meijer team members and all team members hired by the Company after that date, except for officers of the company and team members covered by collective bargaining agreements. As such, the DRP applied to all team members in the position of team leader. All other dispute resolution policies and procedures in existence at the time were rescinded and replaced by the DRP.



EXHIBIT

*E*

Blumberg No. 5119

4.     Meijer used several different methods to inform its employees of the implementation and application of the DRP.

5.     On March 22, 2004, Lee Lynam, Meijer's Vice President of Human Relations and Corporate Employment, sent an email to all team members announcing the change. (See Exhibit A – copy of 3/22/04 email). The email was sent to all team members with a company email address, including all team leaders. The email advised that if the team member continued employment after March 22, 2004, the team member and the Company mutually agreed to be bound by the terms of the DRP and resolve all claims defined in the DRP through mandatory, final, and binding arbitration.

6.     On March 22, 2004, Mr. Lynam also sent an email to all company directors, including all of the retail store directors, instructing them to review the implementation of the DRP with all of their team leaders. He also instructed the store directors to print copies of the DRP and to give them to team members upon request.

7.     The new DRP was also published in the Meijer Policies and Procedures and available on-line through the Company's Infonet. In addition, the Company's previous arbitration policy, known as the Termination Appeal Procedure, was deleted.

8.     In addition, an article was published in Meijer's on-line Company newsletter, "Transformation News," on March 26, 2004 announcing implementation of the DRP. (See Exhibit B). At that time, under the Company's standard procedure, any team member with an e-mail address, including all team leaders, would have received an e-mail describing the topics covered in the Transformation News for that week and inviting them to go on line and read the newsletter.

are provided with a copy of the DRP, if requested. This process is performed as part of

the company's on-boarding process for all newly-hired employees.

_Wende Alighire_

WENDE ALIGHIRE

Subscribed and sworn to before me
this _16th_ day of _November_ , 2012.

_Mary Ann Timmer_

Notary Public _Kent_ County, MI
My Commission Expires: _10 10 2019_
Mary Ann Timmer

| | |
|---|---|
| From: | LEE LYNAM (CommServ) |
| To: | MEIJER LIST |
| Date: | Mon, Mar 22, 2004 5:04 PM |
| Subject: | DISPUTE RESOLUTION PROCEDURE |

MARCH 22, 2004

MEMO TO:     TEAM MEMBERS

FROM:             LEE LYNAM

SUBJECT:     DISPUTE RESOLUTION PROCEDURE

Meijer has made improvements to the company's existing dispute resolution procedures and has combined them into one comprehensive procedure for resolving disputes called the Meijer Team Member Dispute Resolution Procedure or "DRP."

The DRP generally applies to all full-time and regular part-time team members in the company, except for Officers of the company and except for team members who are covered by a collective bargaining agreement.

The effective date of the DRP is March 22, 2004. The DRP replaces all other company dispute resolution policies or procedures that were in existence prior to that date.

Meijer has adopted the new DRP because we know that sometimes conflicts and disputes arise even in the best work environment. We believe that it is important to resolve those conflicts and disputes as fairly and quickly as possible.

Some of the improvements that are included in the DRP are more dispute resolution options, such as mediation, longer time periods and a broader scope of claims.

The new DRP includes several voluntary dispute resolution methods as well as mandatory, final and binding arbitration. It also includes a set of rules for arbitration. It is also intended to be an exclusive, mandatory, final and binding method of resolving disputes.

If you continue your employment after the effective date of the DRP, you and the company mutually agree to be bound by the terms of the DRP and to resolve all claims defined in the DRP as subject to arbitration through mandatory, final and binding arbitration, instead of through litigation in court. That means arbitration is your sole and exclusive means for resolving such disputes.

The new DRP is published in Policies and Procedures and a complete copy is also available on the Infonet (http://hr.meijer.com/policies/0090.htm). It is the company's goal that all eligible team members receive a copy of the handbook. If you have not yet received a copy, please ask for one from your unit administrative assistant or print it from the Infonet.

Thank you.



EXHIBIT

A

Blumberg No. 5119



Home Search Departments Tools Feedback Help

# Team Member Dispute Resolution Procedure Improved



Meijer has made improvements to the company's existing dispute resolution procedures and has combined them into one comprehensive procedure for resolving disputes called the Meijer Team Member Dispute Resolution Procedure or (DRP).

The DRP generally applies to all full-time and regular part-time team members in the company, except for Officers of the company and except for team members who are covered by a collective bargaining agreement.

The effective date of the DRP is March 22, 2004. The DRP replaces all other company dispute resolution policies or procedures that were in existence prior to that date.

Meijer has adopted the new DRP because we know that sometimes conflicts and disputes arise even in the best work environment. We believe that it is important to resolve those conflicts and disputes as fairly and quickly as possible.

Some of the improvements that are included in the DRP are more dispute resolution options, such as mediation, longer time periods and a broader scope of claims.

The new DRP includes several voluntary dispute resolution methods as well as mandatory, final and binding arbitration. It also includes a set of rules for arbitration. It is also intended to be an exclusive, mandatory, final and binding method of resolving disputes.

If you continue your employment after the effective date of the DRP, you and the company mutually agree to be bound by the terms of the DRP and to resolve all claims defined in the DRP as subject to arbitration through mandatory, final and binding



EXHIBIT

B

Dispute Resolution

arbitration, instead of through litigation in court.  That means arbitration is your sole and exclusive means for resolving such disputes.

The new DRP is published in Policies and Procedures and a complete copy is also available on the Infonet (http://hr.meijer.com/policies/0090.htm).  It is the company's goal that all eligible team members receive a copy of the handbook.  If you have not yet received a copy, please ask for one from your unit administrative assistant or print it from the Infonet.

1999~ 20062002© by Meijer Stores Limited Partnership. "Legal Notice" to continue with the hyperlink back to the Legal Notice on the Infonet home page.